CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 8 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK JORDAN,<br>    Petitioner, | Civil Action No. 7:10cv00491 |
| v. | MEMORANDUM OPINION AND ORDER |
| C. ZYCH,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

This matter is before the court on Jordan's motion for a preliminary injunction (Docket No. 10). In his motion, Jordan asks the court to enjoin the respondent from transferring him to another institution while his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, is pending in this court. Jordan states that if the injunction is not issued, the court will lose jurisdiction over his case when he is transferred and the court would therefore, dismiss his case. The court finds no basis for granting preliminary injunctive relief, and therefore, denies Jordan's motion.

In his § 2241 petition, Jordan challenges a disciplinary hearing at United States Penitentiary at Lee County which resulted in the loss of his good time credits. By previous order dated November 17, 2010, the court directed service of this action upon the respondent and the court is still waiting for a responsive pleading from respondent, which is due in January 2011.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct.

365, 374-376, 172 L. Ed. 2d 249 (2008).[1]

To justify an injunction before trial on the merits, it is incumbent upon the petitioner to make a clear showing that he is likely to succeed at trial on the merits and that he is likely to suffer irreparable harm in the absence of the preliminary injunction. Id. at 374-76. The petitioner must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that petitioner will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." Va. Chapter, Associated Gen. Contractors, Inc. v. Kreps, 444 F. Supp. 1167, 1182 (W.D. Va. 1978) (quoting Va. Petroleum Jobbers Ass'n. v. Fed. Power Comm'n, 259 F.2d 921 (1958)).

In this case, Jordan has not demonstrated that he will suffer any actual and imminent irreparable harm if injunctive relief is denied. First, Jordan has no constitutional right to be housed at any particular facility. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). And the court generally leaves the operation of prisons to prison officials when no constitutional right is at issue. Cruz v. Beto, 405 U.S. 319, 321 (1972). Second, if jurisdiction becomes an issue in this case, the court could transfer the matter to the proper jurisdiction and Jordan's case could still be adjudicated. Therefore, it is hereby

---

[1] The court notes that the Fourth Circuit's previously-established balance-of-hardships test set out in Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), is no longer applicable. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342 (4th Cir. 2009) ("Because of its differences with the Winter test, the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit . . . .")

## ORDERED

that Jordan's motion for a preliminary injunctions shall be and hereby are **DENIED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to plaintiff.

ENTER: This 7th of December, 2010.

_____
United States District Judge